UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARILYN MALARET,**

 **Plaintiff,**

vs.                 Case No.: 8:13-CV-2536-T-17EAJ

**CAROLYN COLVIN,
Acting Commissioner of Social
Security Administration,**

 **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

 Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

 After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned affirms the Commissioner's decision and dismisses this case.[1]

 In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler,

---

 [1] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On July 2, 2010, Plaintiff filed an application for DIB and SSI, alleging disability beginning August 15, 2005.[2] (T 156, 160) Plaintiff's application was denied initially and upon reconsideration, and an administrative hearing was held on December 2, 2011. (T 44, 59, 104, 111) Fifty-seven years old at the time of the hearing, Plaintiff has more than a high school education and past relevant work experience as a case aide, teacher aide I, and cashier checker. (T 51)

On March 22, 2012, an ALJ denied Plaintiff's application. (T 52)  Although Plaintiff's severe impairments included osteoarthritis in the spine, obesity, and hypertension, these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App.

---

[2] However, the ALJ's decision (T 44) and a Field Office Disability Report (T 192) indicate that Plaintiff's alleged onset date was August 15, 2008. Regardless of this discrepancy, Plaintiff amended her alleged onset date to January 15, 2009 at the administrative hearing. (T 44) The ALJ's decision noted that, after the hearing adjourned and off the record, Plaintiff's counsel stated that Plaintiff withdrew the amended onset date.  However, the ALJ added that "this retraction of the amendment was not reduced to writing, and not confirmed by any correspondence from counsel after the hearing." (Id.)

2

1. (T 48) Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") for light to medium work with the following limitations: occasional bending, stooping, crouching, and kneeling but capable of performing routine tasks in an air conditioned environment that allows for periodic changes of position at will. (T 48)

Based on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was able to perform her past relevant work as a case aide, teacher aide I, and cashier checker. (T 51) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 52) On July 24, 2013, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

On appeal, Plaintiff alleges that the ALJ erred by: (1) failing to adequately address Plaintiff's obesity; and (2) the ALJ's decision is not supported by substantial evidence.

A.      Plaintiff claims that the ALJ did not analyze the impact of Plaintiff's obesity on her ability to perform work related activities and her other medical conditions in accordance with Social Security Ruling ("SSR") 02-1p.

SSR 02-1p explains that "[o]besity is a complex, chronic disease characterized by excessive accumulation of body fat. Obesity is generally the result of a combination of factors (e.g., genetic, environmental, and behavioral)." SSR 02-1p, 2000 WL 628049 (Sept. 12, 2002).  Further, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Id.  The ALJ should "consider the effects of obesity not only

under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." Id.

Plaintiff's weight ranged from 228 pounds to 240 pounds during the relevant time period[3] (T 300, 303, 304, 311, 334, 372), resulting in a Body Mass Index ("BMI") ranging from 35.7 to 39.4. A person with a BMI greater than 30 is considered obese, and a BMI equal to or greater than 40 falls into the category of "extreme obesity," which means the individual is at greatest risk for developing obesity-related complications.[4] SSR 02-1p.

Even if SSR 02-1p were binding on this Court, which it is not,[5] the ALJ found Plaintiff's obesity to be a severe impairment and indicated in his opinion that he considered Plaintiff's impairments in combination.[6] (T 47-48) The ALJ also explained that the RFC assessment was based on "careful consideration of the entire record," (T 48) which documents Plaintiff's weight and includes notations that Plaintiff needs to lose weight and exercise (T 301, 304).

Although the ALJ did not make an express statement about the impact of Plaintiff's obesity, his opinion indicates that he adequately considered Plaintiff's obesity. In any event, Plaintiff does

---

[3] A disability report from the Social Security Administration Field Office lists Plaintiff's weight as 201 pounds (T 196) and this weight is noted in two Physical RFC assessments (T 337, 363).

[4] SSR 02-1p explains: "BMI is the ratio of an individual's weight in kilograms to the square of his or her height in meters (kg/m2)." Plaintiff's height is 5'7". (T 372)

[5] It is well established that agency rulings are not binding in the Eleventh Circuit and do not have the force and effect of law. See Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007) (per curiam) (unpublished).

[6] See generally Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (holding that the ALJ considered a claimant's impairments in combination because the opinion included language that the claimant did not have "an impairment or combination of impairments" that met a listing).

not specifically explain how her obesity impacts her ability to work or point to medical evidence showing an effect on her work-related abilities. Instead, Plaintiff appears to maintain that her BMI alone is evidence that her obesity impacts her functionality. But while BMI levels "describe the extent of obesity," they "do not correlate with any specific degree of functional loss." SSR 02–1p.

For the foregoing reasons, the ALJ did not err in failing to discuss the impact of Plaintiff's obesity on her ability to work or other medical conditions. See generally, Moore v. Astrue, No. 8:10-cv-0643-T-23EAJ, 2011 WL 2562838, at *2 (M.D. Fla. June 10, 2011) (citation omitted). Plaintiff is not entitled to relief on his issue.

**B.**     Plaintiff next argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to find that she suffers from a severe mental impairment and did not account for this in his RFC assessment.

An impairment can be considered as not severe only if it is "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). An ALJ's conclusion that an impairment is not severe must be supported by substantial evidence. Id. at 921. The severity of an impairment must be measured "in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). "Basic work activities" include: physical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a

routine work setting. 20 C.F.R. § 404.1521(b).

When evaluating whether a claimant suffers from a severe mental impairment, the ALJ is to consider how the impairment affects four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompression. 20 C.F.R. § 404.1520a(c)(3). Where the degree of a claimant's limitation is rated as "none" or "mild" in the first three functional areas, and as "none" in the fourth functional area, the ALJ generally concludes that the claimant does not suffer from a severe mental impairment. Id. § 404.1520a(d)(1). The ALJ is required to incorporate findings related to a claimant's alleged mental impairments into the decision. Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005) (per curiam).

Finding that Plaintiff did not have a severe mental impairment, the ALJ stated that Plaintiff's medically determinable mental impairment of depression did not cause more than minimal limitation on her ability to perform basic mental work activities and is therefore nonsevere. (T 47) The record contains no record of Plaintiff maintaining regular treatment from a mental health specialist.[7]

On August 26, 2010, Cecilia Yocum, Ph.D. ("Dr. Yocum"), conducted a consultative psychological examination of Plaintiff. (T 321-24) During the examination, Plaintiff's mood was dysthymic, her affect was restricted, and her psychomotor behavior was significant for walking disabilities. Plaintiff reported feeling depressed, that she had difficulty sleeping, and that she experienced some crying episodes. She reported feeling anxious most of the time and that she worried about her family, causing her to experience chest pain and tightness. (T 322) Her long-term memory was intact and her intermediate and short-term memory were fair. (T 322-23) In adaptive

---

[7] The record contains a consultative mental health status evaluation completed by Lawrence N. Pasman, Ph.D., on November 27, 2007 (T 278-81), but this evaluation predates Plaintiff's amended alleged disability onset date and was not addressed in the ALJ's decision.

functioning, Plaintiff reported having difficulty dressing and bathing and that, while she does housework, it takes her longer than it used to. She relayed that she does well with people. She reported seeing a psychiatrist for a number of years without any relief and that she was physically abused by her ex-husband. (T 323) Dr. Yocum diagnosed Plaintiff with Major Depressive Disorder - Moderate, opined that Plaintiff might have Posttraumatic Stress Disorder, and stated that Plaintiff would be unable to handle her own financial affairs in the event she received disability benefits. (T 323-24)

Additionally, consultative examiner Marc N. Blum, M.D. ("Dr. Blum"), completed a general medical evaluation of Plaintiff on September 1, 2010, in which he evaluated Plaintiff's depression. (T 326-35). Dr. Blum noted that Plaintiff has been treated for major depression since adolescence and that she attempted suicide in the 1980s. (T 326) Plaintiff complained of severe disabling depression with apathy, frequent crying, and feelings of helplessness and hopelessness. He indicated that Plaintiff was on antidepressants and was receiving cognitive therapy. (Id.) Dr. Blum noted that Plaintiff cried continuously through the evaluation and her speech volume was abnormally loud. Plaintiff's mood and affect were depressed, but her psychomotor skills were normal. Her ability to concentrate and sustain concentration were impaired, and her general intellectual and fund of knowledge was less than average. Her short term memory appeared intact, but her long term memory regarding her medical history was poor. (T 327)

Non-examining physician Pauline Hightower, Psy.D. ("Dr. Hightower"), completed a Psychiatric Review Technique on September 28, 2010. (T 344-57) Dr. Hightower concluded that Plaintiff's symptoms were not severely limiting. (T 347) She opined that Plaintiff would experience mild difficulties in maintaining social functioning and maintaining concentration, persistence, or

pace, but Plaintiff would have no limitation in activities of daily living or episodes of decompensation. (T 354)  The assessment notes Dr. Yocum's diagnosis of Major Depressive Disorder, Moderate and Dr. Blum's assessment that Plaintiff had a depressed mood and that her responses were exaggerated. (T 356)

The ALJ properly considered Plaintiff's alleged mental impairment under the "paragraph B" criteria. (T 47-48) See Moore, 405 F.3d at 1214.  The ALJ determined that the evidence demonstrated that Plaintiff experienced no limitation with activities of daily living and social functioning, and she experienced mild limitation with concentration, persistence, or pace, and that Plaintiff experienced no episodes of decompensation of extended duration. (T 47)  As for having no limitation in activities of daily living, the ALJ noted that Plaintiff is able to care for her personal needs, although he recognized that it takes Plaintiff longer to perform household chores.  He also found that Plaintiff had no limitation in social functioning, citing Plaintiff's report to Dr. Yocum that she does well with people and had served as a Girl Scout Troop Leader and on the Children's Board of Hillsborough County.  The ALJ found that Plaintiff experienced mild limitation in concentration, persistence, or pace, citing Dr. Yocum's finding that Plaintiff's long-term memory was intact and her intermediate and short-term memory was fair.  Finally, the ALJ added that Plaintiff had experienced no episodes of decompensation. (Id.)  The ALJ correctly noted that these "paragraph B" criteria are not an RFC assessment but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process. (T 48)  And the ALJ indicated that the RFC assessment reflected the degree of limitation found in the "paragraph B" mental function analysis. (Id.)

The ALJ afforded Dr. Hightower's opinion great weight and Dr. Yocum's opinion

8

controlling weight. (T 47) In discussing Dr. Yocum's opinion, the ALJ noted that Plaintiff's mental status examination was "essentially normal." (Id.) He also addressed Dr. Yocum's impressions regarding the physical abuse Plaintiff reported and the contribution of that experience towards her depression. (Id.) Additionally, the ALJ determined that Plaintiff lacked credibility and this impacted her subjective complaints of depression and PTSD. The ALJ stated:

> Further, the claimant's lack of credibility has an impact on her subjective complaints involving her alleged depression and PTSD. The claimant does not receive treatment from a mental health specialist, but at the psychological consultative evaluation, she complained of PTSD . . . and general depression. However, she told her orthopedist [Dale G. Bramlet, M.D.] in October 2009 that she would like to go dancing and in March 2010, she reported that she regularly traveled to New York to visit relatives. At the same time, she told consultative examiner Dr. Blum that her pain was at an "8" level. In short, Dr. Blum's diagnosis of "moderate" depression may very well be over generous because premised on questionable subjective complains.

(T 47-48) (citations omitted)

Plaintiff contends that the ALJ erred in affording Dr. Yocum's report controlling weight, in which Dr. Yocum diagnosed Plaintiff with major depressive disorder and stated that Plaintiff would be unable to handle her financial affairs and that her psychiatric symptoms cause more than a minimal impact, but then finding that Plaintiff's depression was non-severe. Although Plaintiff was diagnosed with depression, a diagnosis alone is insufficient to establish that an impairment is severe. See Sellers v. Barnhart, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002) (citing Brady, 724 F.2d at 920). Despite Plaintiff's contention, the ALJ considered her alleged mental impairment in accordance with the regulations and properly determined it to be nonsevere. Besides Dr. Yocum's diagnosis and comment about her inability to handle money, Plaintiff points to no evidence which indicates that Plaintiff experienced more than mild limitations in activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation or any other

evidence that her alleged mental impairment, alone or in combination with other impairments, limited her ability to perform basic work activities. Accordingly, the ALJ's determination that Plaintiff did not suffer from a severe mental impairment is supported by substantial evidence.

Additionally, to the extent Plaintiff argues that the ALJ's RFC assessment did not account for Plaintiff's functional limitations induced by depression, the argument is without merit. The ALJ explained that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence[.]" (T 48) This statement demonstrates that the ALJ sufficiently analyzed Plaintiff's RFC. See Belvin v. Colvin, No. 1:12-CV-992-CSC, 2014 WL 1320227, at *4 (M.D. Ala. Mar. 28, 2014) (requirement for function-by-function assessment satisfied by ALJ's analysis, based on all relevant evidence, of the plaintiff's restrictions and functional limitations prior to expressing the plaintiff's RFC or making a determination about the plaintiff's past relevant work); Sanchez v. Comm'r of Soc. Sec., No. 6:11-cv-1745-Orl-22GJK, at *9 (M.D. Fla. Jan. 2, 2013) (the ALJ properly determined the claimant's RFC by thoroughly discussing the claimant's testimony and allegations, along with objective medical testing and other medical evidence and opinions).

## Conclusion

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner should therefore be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**, with each party to bear its own costs and expenses; and

(2) The Clerk of Court enter final judgment in favor of Defendant consistent with 42

U.S.C. §§ 405(g) and 1383(c)(3).

**Date: January 23, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record

District Judge